# Federal Defenders
## OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza -16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1204 Fax: (718) 855-0760

---

Tamara Giwa
*Executive Director and*
*Attorney-in-Chief*

*Eastern District of New York*
Michelle A. Gelernt
*Attorney-in-Charge*

August 6, 2026

<u>VIA ECF & EMAIL</u>

The Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *United States v. Cole*, No. 26-cr-156 (JMA)

Dear Judge Azrack:

We represented Godfrie Cole and write in reply to the government's opposition to our request for a hearing concerning the circumstances of Mr. Cole's death in the Bureau of Prisons' ("BOP") custody on July 21, 2026. *See* ECF No. 8.

The government opposes a hearing for three reasons. First, it represents that it has opened a criminal investigation into Mr. Cole's death and cannot comment or provide information to protect the investigation's integrity. Second, it asserts that the BOP "is not in a position" to provide information about the circumstances of Mr. Cole's death. And, third, it states that the Court lacks authority to conduct a hearing. *Id.*

We take no position on the government's first point, regarding the integrity of its own investigation. We disagree, however, that the Court lacks authority to hold a hearing and that the BOP is unable to provide additional information about at least some of the circumstances of Mr. Cole's death in its custody.

Mr. Cole was held at the Metropolitan Detention Center-Brooklyn ("MDC") pursuant to a June 16, 2026 detention order remanding him to the Attorney General's custody—*i.e.*, the BOP—pending trial in this case. The Court has authority to review the conditions of Mr. Cole's pretrial confinement in the MDC pursuant to that pretrial detention order. *See, e.g.*, *United States v. McGriff*, 468 F. Supp. 2d 445, 447 (E.D.N.Y. 2007) (acknowledging Court's authority to review MDC's placement of defendant in administrative detention pending trial); *United States v. Basciano*, 369 F. Supp. 2d 344, 348-50 (E.D.N.Y. 2005) (same). This authority extends to issues relating to Mr. Cole's medical treatment, which the Court can compel the MDC to provide. *See, e.g.*, *United States v. Wise*, No. 23-cr-9 (DG) (E.D.N.Y. May 4, 2024) (government letter conveying MDC information relating to defendant's medical treatment, in response to court order), ECF No. 26; *United States v. Goulbourne*, No. 22-cr-106 (LDH) (E.D.N.Y. May 1, 2024) (hearing on client's emergency motion for medical treatment), ECF No. 336.

The Court's authority to review the conditions of Mr. Cole's pretrial detention thus permits it to direct the BOP to disclose information relating to his medical treatment in BOP custody. This extends to information relating to how and why Mr. Cole was taken to NYU Langone Hospital on July 21, 2026, where he was pronounced dead at 3:28 p.m. that day, according to the MDC Warden's public statement. *See* ECF No. 6. Even if the Court declines to compel the BOP to provide information about the cause of Mr. Cole's death because of an ongoing criminal investigation, there is still medical information relating to his transfer to NYU Langone Hospital and related medical interventions on or about July 21 that the BOP can provide to counsel now. Ordering the BOP to provide that information would be consistent with prior court orders compelling such production relating to a detainee's medical treatment.

Accordingly, and notwithstanding the government's ongoing investigation, we respectfully request a hearing for BOP to disclose information and records relating to the medical treatment Mr. Cole received while he was in its custody.

Respectfully submitted,

/s/_____
Benjamin Yaster
Siobhan Atkins
Federal Defenders of New York, Inc.
(718) 330-1291
*Counsel for Godfrie Cole*

cc:     counsel of record (by ECF & email)